UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REDWAN HUSSAIN, #737228,

          Petitioner,

                                    CASE NO. 2:16-CV-11342
v.                            HONORABLE GERSHWIN A. DRAIN

JOSEPH BARRETT,

          Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [8], DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Redwan Hussain ("Petitioner" or "Hussain") pleaded no contest to armed robbery and conspiracy to commit armed robbery in the Oakland County Circuit Court in 2012 and was ultimately sentenced to concurrent terms of 9 to 60 years imprisonment in 2013. In his pleadings, he raises claims concerning the voluntariness of his plea, the effectiveness of defense counsel, and the validity of his sentence. The matter is now before the Court on Respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases for failure to

comply with the one-year statute of limitations applicable to federal habeas actions.

Petitioner has filed a reply to that motion contending that his petition is timely and/or

that he is entitled to equitable tolling. For the reasons that follow, the Court

concludes that the habeas petition is untimely and must be dismissed. The Court also

concludes that a certificate of appealability and leave to proceed in forma pauperis

on appeal must be denied.

## II.     Facts and Procedural History

Petitioner's convictions arise from the armed robbery of a pharmacy in

Lathrup Village, Oakland County, Michigan. Dkt. No. 1 at 11 (Pg. ID 11). He

tendered his no contest plea on February 16, 2012 and the trial court sentenced him

to concurrent terms of 135 months to 60 years imprisonment on May 17, 2012. *Id.*

Petitioner subsequently moved to file a delayed application for leave to appeal with

the Michigan Court of Appeals. *Id.* at 31 (Pg. ID 31). While that matter was pending,

Petitioner filed a motion for re-sentencing with the trial court. *Id.* The trial court

granted that motion, conducted a re-sentencing hearing on September 17, 2012, and

re-sentenced him to concurrent terms of 9 to 60 years imprisonment. *Id.* at 32 (Pg.

ID 32). The Michigan Court of Appeals granted Petitioner's motion to file a delayed

application for leave to appeal and then dismissed the application as moot due to the

re-sentencing decision. *People v. Hussain*, No. 311089 (Mich. Ct. App. April 22,

2013). Petitioner did not seek leave to appeal with the Michigan Supreme Court.

On June 19, 2014, Petitioner filed a motion to correct his sentence with the trial court, which was construed as a motion for relief from judgment and denied. *People v. Hussain*, No. 11-238929-FC (Oakland Co. Cir. Ct. July 1, 2014). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Dkt. No. 1 at 34 (Pg. ID 34). The court further explained that Petitioner "raised grounds that could have been raised previously and he has failed to establish both good cause for failing to previously raise the issues and actual prejudice from the irregularities alleged" as required under MCR 6.508(D)(3). *People v. Hussain*, No. 323758 (Mich. Ct. App. Nov. 21, 2014). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Hussain*, 498 Mich. 918, 871 N.W.2d 165 (Nov. 24, 2015). The Michigan Supreme Court also denied reconsideration. *People v. Hussain*, 499 Mich. 872, 874 N.W.2d 692 (March 8, 2016).

Petitioner dated his federal habeas petition on April 5, 2016. Respondent filed the instant motion to dismiss on October 17, 2016. Petitioner filed his reply on October 24, 2016.

### III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. AEDPA

includes a one-year period of limitations for habeas petitions brought by prisoners

challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a
> State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>>
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws of
>> the United States is removed, if the applicant was prevented from
>> filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been
>> newly recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of
>> due diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must

be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000) (dismissing

a case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich.

2002).

"[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006). Petitioner's convictions became final after AEDPA's April 24, 1996 effective date. Therefore, a preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations.

### A. Statute of Limitations

On April 22, 2013, after the trial court resentenced Hussain, the Michigan Court of Appeals dismissed his application for leave to appeal as moot. Dkt. No. 1 at 32 (Pg. ID 32). Petitioner then had 56 days to file an application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2) (stating that an application for leave to appeal must be filed "within 56 days in criminal cases"); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Petitioner did not meet this deadline.

Hussain argues that he was entitled 90 days, rather than 56 days, to file an application for leave to appeal. Dkt. No. 10 at 2 (Pg. ID 402). Hussain is incorrect. Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. However, the 90-day period is not triggered unless the petitioner sought review by a state court of last resort. *Id.* ("[A] petition for a writ of certiorari to review a judgment in any case,

civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). In this case, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to seek leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654-56 (2012) (holding that when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002). Therefore, Petitioner's judgment became final on June 17, 2013 – 56 days after the Michigan Court of Appeals dismissed his application for leave to appeal.

Accordingly, Petitioner was required to file his federal habeas petition by June 17, 2014, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). Petitioner did not file his motion for relief from judgment with the state trial court until June 19, 2014 – two days after the one-year period expired.[1]

---

[1] Hussain dated his motion for relief from judgment June 10, 2014 – which is seven days before the one-year period expired. However, Hussain's motion was not accepted for filing by the clerk's office until June 19, 2014. Under AEDPA, state rules govern when a pleading is "properly filed". *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ("When a postconviction petition is untimely under state law, 'that [is]

A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. Thus, Petitioner's June 19, 2014 motion did not toll the statute of limitations period.

Furthermore, AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The habeas petition, dated April 5, 2016, was not filed within the one-year statute of limitations period. Petitioner does not allege that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His petition is therefore untimely pursuant to 28 U.S.C. § 2244(d).

### B. Equitable Tolling

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been

---

the end of the matter' for purposes of § 2244(d)(2)."). In Michigan, pleadings are properly filed when they are filed and dated by the clerk of the court. Mich. Ct. R. 6.503(A), 2.107(G). Therefore, Hussain's motion was not filed until June 19, 2014.

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. He fails to allege any facts to justify his delay in seeking state collateral review, or federal habeas review, in a timely manner. The fact that he is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (holding that *pro se* status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (holding that ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (holding that the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal

requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (holding that lack of professional legal assistance does not justify tolling). Therefore, Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing.  His claim that the court records show that he abandoned the robbery does not establish his actual innocence under the foregoing standards. Moreover, a "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner's no contest plea also belies an actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## IV.    Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to statutory or equitable tolling of the one-year period. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* In this case, reasonable jurist could not debate the Court's procedural ruling that the petition is untimely. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2016